McMILLIN, P.J.,
concurring:
¶ 34. I concur in the result reached by the majority. However, I must respectfully express my disagreement with the majority’s method of dealing with the fact that the circuit court decided this workers compensation appeal before briefing was completed. The majority concludes that the trial court’s precipitous action is harmless error because, even if the brief had been filed, “the court [was] not obligated to review the brief.” In my view, a court having jurisdiction of a contested matter is unequivocally obligated, not only to review the record, but to fully and maturely consider the legal arguments of all litigants before the court. Whether those arguments are made orally in open court or are contained in written briefs, it is a bedrock principle of our adversarial system of justice that the court hear and consider the competing positions of the litigants on the facts and the law before deciding a contested matter.
¶ 35. Once a procedure is established that defines the manner in which the litigants will be heard, it is vital that the court observe that procedure. “A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law_” Code of Judicial Conduct Canon 3 A(4). A judge who feels no obligation to listen to and maturely consider the legal arguments of the litigants before deciding a contested matter, no matter how cut and dried the question may seem, has denied those litigants the due process of the law.
¶ 36. Despite what seems to me to be a fundamental failure by the circuit court to properly decide this case when it was before that court, I agree with the majority that the circuit court’s premature ruling is harmless error, but only because, in the subsequent appeal to this Court, we begin the review process afresh, focusing only on the record made before the commission, and we give no deference to circuit court’s decision. Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991).
COLEMAN AND PAYNE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.